# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

EDGAR RIVAS RODRIGUEZ,

        Plaintiff,

v.                                      Case No. 8:20-cv-2189-JRK

KILOLO KIJAKAZI,
Acting Commissioner of Social
Security,[1]

        Defendant.

_____

# OPINION AND ORDER[2]

## I. Status

Edgar Rivas Rodriguez ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of "Dysthymic disorder with primary insomnia," "Generalized anxiety disorder with panic disorder," "Degenerative joint disease of the cervical spine,"

---

[1] Kilolo Kijakazi recently became the Acting Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 17), filed March 30, 2021; Reference Order (Doc. No. 19), entered March 30, 2021.

"Diverticulosis," "Right upper extremity radiculopathy," "Rheumatoid arthritis in both shoulders," "PTSD," "Migraine headaches," "Mild cognitive impairment," and "RT Shoulder strain." Transcript of Administrative Proceedings (Doc. No. 18; "Tr." or "administrative transcript"), filed March 30, 2021, at 77, 92, 218. Plaintiff filed an application for DIB on March 8, 2018, alleging a disability onset date of June 30, 2017.[3] Tr. at 199-200. The application was denied initially, Tr. at 76-88, 90, 109-11, 112, and upon reconsideration, Tr. at 91-106, 107, 114, 115-20.

On September 18, 2019, an Administrative Law Judge ("ALJ") held a hearing, during which he heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 33-75. Plaintiff was forty-seven years old at the time of the hearing. Tr. at 37. On October 29, 2019, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 15-27.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted a brief in support of the request. See Tr. at 4-5 (Appeals Council exhibit list and order), 188-90 (request for review), 297-99 (brief). On July 17, 2020, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3,

---

[3] Although actually filed on March 8, 2018, see Tr. at 199, the protective filing date for the DIB application is listed elsewhere in the administrative transcript as March 6, 2018, see, e.g., Tr. at 77, 92. The administrative transcript also contains an earlier-filed application for DIB dated July 28, 2014. See Tr. at 194-95.

thereby making the ALJ's Decision the final decision of the Commissioner. On September 16, 2020, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff argues: 1) "the ALJ did not adequately consider the opinion of an examining psychologist, [Jacqueline] Sch[e]ff[, Psy.D.]"; 2) "the ALJ concluded that the opinions of the state-agency psychologists, [James] Levasseur[, Ph.D.] and [Jeffrey] Prickett[, Psy.D.], were partially persuasive, but the residual functional capacity ('RFC') assessment does not account for all of the functional limitations that those doctors described"; and 3) "the ALJ failed to resolve an apparent inconsistency between the [VE's] testimony and the Dictionary of Occupational Titles ('DOT')." Plaintiff's Memorandum of Law (Doc. No. 21; "Pl.'s Mem."), filed May 28, 2021, at 1-2; see id. at 10-12 (first argument), 12-14 (second argument), 14-19 (third argument). Responding to Plaintiff's arguments, Defendant on August 25, 2021 filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 24; "Def.'s Mem.").

After a thorough review of the entire record and the parties' respective memoranda, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for proper consideration of Dr. Scheff's opinion. On remand, evaluation of this opinion may impact the other arguments made by Plaintiff in this appeal. For this reason, the Court need not address

the remaining arguments. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

## II.  The ALJ's Decision

When determining whether an individual is disabled,[4] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of

---

[4] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 17-27. At step one, the ALJ determined Plaintiff "has not engaged in substantial gainful activity since June 30, 2017, the alleged onset date." Tr. at 17 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: depression, anxiety, post-traumatic distress syndrome, cervical degenerative disc disease, lumbar degenerative disc disease, right shoulder mild degenerative joint disease, and obesity." Tr. at 17 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 18 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following RFC:

> [Plaintiff can] perform light work as defined in 20 [C.F.R. §] 404.1567(b) except that he can frequently balance, stoop, kneel, crouch, crawl, and climb ramps or stairs. He can occasionally reach overhead and push/pull controls with the right upper extremity. He should not climb ladders, ropes, or scaffolds. He should avoid concentrated exposure to extreme temperatures, very loud noise, and hazards such as unprotected heights and dangerous machinery. He is mentally capable of performing simple, routine tasks in a low-stress work environment. A low-stress work environment in this context is defined as having only occasional decision-making and occasional changes in the work setting. He can have occasional contact with co-workers and supervisors. However, he should not do any team or tandem work and cannot have contact with the public.

Tr. at 20 (emphasis omitted).

At step four, the ALJ relied on the testimony of the VE and found that Plaintiff "is unable to perform any past relevant work" as an "Office Manager," an "Emergency Medical Technician," and an "Infantry Weapons Crew Member." Tr. at 25 (some emphasis and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("45 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ again relied on the VE's testimony and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," such as a "Shipping and Receiving Weigher." Tr. at 25-26 (some emphasis and citation omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from June 30, 2017, through the date of th[e D]ecision." Tr. at 27 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a

preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

Plaintiff argues the ALJ erred by not adequately considering the opinion of examining psychologist Dr. Scheff. Pl.'s Mem. at 1, 10-12. Responding, Defendant essentially concedes error but contends it was harmless. Def.'s Mem. at 7-8.

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding

the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (March 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Because Plaintiff filed his DIB application after that date, the undersigned applies the revised rules and Regulations.

Under the new rules and Regulations, "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [his or her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions in the following abilities:" 1) the "ability to perform physical demands of work activities"; 2) the "ability to perform mental demands of work activities"; 3) the "ability to perform other demands of work, such as seeing, hearing, or using other senses"; and 4) the "ability to adapt to environmental conditions." 20 C.F.R. § 404.1513(a)(2); see also 20 C.F.R. § 404.1502 (defining "[a]cceptable medical sources"). An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . . , including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a). The following factors are relevant in an ALJ's consideration of a medical opinion: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's

policies and evidentiary requirements." 20 C.F.R. § 404.1520c(c). Supportability and consistency are the most important factors, and the ALJ must explain how these factors were considered. 20 C.F.R. § 404.1520c(b)(2). Generally, the ALJ is not required to explain how he or she evaluated the remaining factors. 20 C.F.R. § 404.1520c(b)(2). However, if the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. § 404.1520c(b)(3).[5]

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1545(a)(5). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v.

---

[5] When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." 20 C.F.R. § 404.1520c(b)(1).

Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1268 (11th Cir. 2019)); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

Here, Dr. Scheff examined Plaintiff on January 4, 2018 in connection with a claim for benefits through the Department of Veterans Affairs. See Tr. at 500-09. Dr. Scheff provided a functional assessment opining about a number of work-related limitations. Tr. at 500-01. Among the limitations Dr. Scheff assigned were: marked impairment in an environment requiring frequent interactions with customers, co-workers, or supervisors; moderate impairment in moving machinery or equipment; moderate impairment in driving; marked impairment in sustaining concentration and focus as normally found in most solitary jobs; moderate impairment in a fast paced, complex, and/or frequently changing environment; moderate impairment in rigid adherence to a set work schedule; and mild impairment in responding appropriately to changes in a work setting. See Tr. at 500-01. Dr. Scheff also included symptomology from Plaintiff's diagnoses that could affect work. Tr. at 505-06.

In the Decision, the ALJ summarized portions of Dr. Scheff's examination findings in discussing Plaintiff's mental health issues, but nowhere did the ALJ recognize or discuss Dr. Scheff's opinion as to Plaintiff's functioning. See Tr. at

- 10 -

23-24. The ALJ's failure to recognize or discuss the opinion failed to comply with the Regulations that require an explanation of how the ALJ evaluated the most important factors of supportability and consistency. See 20 C.F.R. § 404.1520c(b)(2). Given the various limitations assigned by Dr. Scheff that the ALJ did not even recognize, and in comparing them to the ultimately-assigned RFC, the undersigned cannot say that the error is harmless. Reversal and remand for the SSA to consider Dr. Scheff's opinion is required.[6]

## V. Conclusion

Based on the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

    (A) Re-evaluate Dr. Scheff's opinion consistent with the revised Regulations for evaluating medical evidence;

---

[6] Defendant argues as to the "symptoms" section of Dr. Scheff's examination report that it does not qualify as a "medical opinion" under the revised Regulations. Def.'s Mem. at 6-7; see Tr. at 505-06. The undersigned need not determine if the symptoms section qualifies as a medical opinion because even if it does not, Dr. Scheff in the "functional assessment" section opined on Plaintiff's impairments and how they will affect his ability to perform job-related functions. Tr. at 500-01 (emphasis and capitalization omitted). Dr. Scheff's statements about these matters qualify as a medical opinion under the revised Regulations, and Defendant does not contend otherwise.

  (B) Consider Plaintiff's other arguments on appeal if appropriate; and

  (C) Take such other action as may be necessary to resolve this matter properly.

2. The Clerk is further directed to close the file.

3. In the event benefits are awarded on remand, Plaintiff's counsel shall ensure that any § 406(b) fee application be filed within the parameters set forth by the Standing Order on Management of Social Security Cases entered on December 7, 2021 in Case No. 3:21-mc-001-TJC (Doc. No. 43, ¶¶ 6, 8).

**DONE AND ORDERED** in Jacksonville, Florida on March 9, 2022.

         *James R. Klindt*
         JAMES R. KLINDT
         United States Magistrate Judge

kaw
Copies to:
Counsel of Record